Timothy Arnold BUNTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00415–CR.

Court of Appeals of Texas,
El Paso.

June 23, 1994.

Rehearing Overruled July 20, 1994.

Joe E. Boaz, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

Timothy Arnold Bunts, the Appellant in this cause, was arrested for possession of marijuana in an amount more than 50 pounds, but less than 200 pounds. He pled guilty pursuant to a plea bargain and was sentenced to ten years adult probation and a $5,000 fine. We affirm.

Before pleading guilty, Bunts filed a motion to suppress the evidence, which the trial court denied after a hearing. The trial court granted Bunts permission to appeal from the denial of his motion to suppress the evidence. In a single point of error, Bunts complains that the trial court erred in denying his motion to suppress the evidence because the police officers had no probable cause to detain him.

## THE FACTS

The record from the suppression hearing reflects the circumstances surrounding Bunts' arrest for possession of marijuana. Border Patrol Agent Frank Martinez testified that he and his partner, Agent Fonseca, were working as undercover agents at the Amtrak Station in El Paso, Texas, on December 18, 1990, when they observed Bunts arrive at the station. Martinez believed that Bunts looked suspicious and fit the drug courier profile insofar as Bunts arrived very late for his train carrying two extremely heavy suitcases and he looked around nervously as he retrieved his bags from the car. Martinez testified that he and Fonseca approached Bunts, identified themselves as border patrol agents, and asked him to stop, but that Bunts continued walking.

Officer Oscar Menchaca of the El Paso Police Department and his partner Butch, a golden retriever, were also at the Amtrak station checking for narcotics couriers on that day. When Menchaca observed Martinez following Bunts and attempting to speak with him, Menchaca came up behind Bunts and allowed Butch to sniff the luggage as Bunts continued to walk. When Butch gave a positive alert on the baggage, Bunts was stopped and placed under arrest. His suitcases contained 97.8 pounds of marijuana.

## STANDARD OF REVIEW

The trial judge is the sole and exclusive trier of facts at a hearing on a motion to suppress. *Romero v. State*, 800 S.W.2d 539 (Tex.Crim.App.1990); *Cannon v. State*, 691 S.W.2d 664 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Hawkins v. State*, 628 S.W.2d 71 (Tex.Crim.App.1982); *Green v. State*, 615 S.W.2d 700 (Tex.Crim.App.1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981).

On appeal, a reviewing court does not engage in its own factual review but decides whether the record supports the trial judge's findings. We must consider the totality of the circumstances in determining whether

the trial court's findings are supported by the record, and the findings will not be disturbed absent a clear abuse of discretion. *Dancy v. State,* 728 S.W.2d 772, 777 (Tex. Crim.App.1987), *cert. denied,* 484 U.S. 975, 108 S.Ct. 485, 98 L.Ed.2d 484 (1987).

If the trial judge's decision is correct on any theory of law applicable to the case, the order should be sustained. *Romero,* 800 S.W.2d at 543; *Calloway v. State,* 743 S.W.2d 645 (Tex.Crim.App.1988). This principle holds true even if a trial judge gives the wrong reason for a decision, *Salas v. State,* 629 S.W.2d 796 (Tex.App.—Houston [14th Dist.] 1981, no pet.), and is especially true with regard to the admission of evidence. *Romero,* 800 S.W.2d at 543; *Dugard v. State,* 688 S.W.2d 524 (Tex.Crim.App.1985).

When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the burden of proof is initially on the defendant. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim.App.1986); *Mattei v. State,* 455 S.W.2d 761, 765–66 (Tex.Crim.App.1970); *see also State v. Wood,* 828 S.W.2d 471, 474 (Tex.App.—El Paso 1992, no pet.). As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. *Russell,* 717 S.W.2d at 9. A defendant meets his initial burden by establishing that a search or seizure occurred without a warrant. *Id.*

In the present cause, there is no contention that the State had a warrant for Bunts' arrest or for the search that followed, nor does the State claim that these activities occurred with Bunts' consent. Thus, without a warrant, the State must establish the validity of the arrest. *Stull v. State,* 772 S.W.2d 449, 453 (Tex.Crim.App.1989); *Russell,* 717 S.W.2d at 10.

## APPLICATION OF THE STANDARD TO THE FACTS

Appellant complains that the trial court erred in denying his motion to suppress the evidence because the officers had no probable cause to detain him. Bunts argues that even though he did not stop, but continued walking, he was, nevertheless, "detained" at the Amtrak station at the point when the border patrol officers [1] approached him, identified themselves to him, and asked him to stop. Bunts contends it is untenable to believe that trained narcotics officers, after requesting he stop, would allow him to board the train without first checking his luggage. The case law does not support Bunts' legal assertions.

■ Not every encounter between law enforcement personnel and citizens invokes the protection of the Fourth Amendment. *Daniels v. State,* 718 S.W.2d 702, 704 (Tex. Crim.App.1986). Law enforcement officers do not violate the Fourth Amendment when they merely approach a citizen in public and ask if he is willing to answer some questions, or by putting questions to him if the person is willing to listen. *Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). However, when the questioning becomes a detention, it must be supported by reasonable suspicion. *Daniels,* 718 S.W.2d at 704. We must determine at what point, if any, Appellant was detained for purposes of the Fourth Amendment because even a brief investigatory detention or stop must be based on:

> [S]pecific, articulable facts, which in light of [the police officer's] experience and general knowledge, together with rational inference from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation.

---

1. The Immigration Act of 1990 expanded the arrest authority of immigration officers beyond arrests for violations of the immigration laws. The Act allows immigration officers to make arrests (A) for any offense against the United States, if the offense is committed in the officer's presence, (B) for any felony cognizable under the laws of the United States, if the officer has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony; if the officer is performing duties relating to the enforcement of the immigration laws at the time of the arrest and there is a likelihood of the person escaping before a warrant can be obtained for his arrest. 8 U.S.C.A. § 1357(a)(5) (Supp.1994). Whether the officers were, in this instance, performing duties relating to enforcement of immigration laws is not before us and need not be addressed.

*Id.* at 704–705. The appropriate inquiry in determining if there was any detention is whether, under the circumstances, a reasonable person would feel free to "ignore the police presence and go about his business." *Florida v. Bostick,* 501 U.S. 429, ——, 111 S.Ct. 2382, 2387, 115 L.Ed.2d 389 (1991); *Mitchell v. State,* 831 S.W.2d 829, 832 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Without more, the fact that the officer identifies himself as a police officer during the questioning does not convert the encounter into a seizure requiring some level of objective justification. *Royer,* 460 U.S. at 497, 103 S.Ct. at 1323–24. Until the dog alerted, the action of the Appellant did not demonstrate that he felt he was under detention. He continued to walk. There is no evidence in the record of action or utterance that reflected that Appellant felt detained until after the drug dog alerted. The only utterance of Appellant in response to the officer's comments was to the effect that he had a train to catch; this made as he continued to walk. Of course, the test is not what Appellant believed; but what a reasonable person would have believed under the circumstances. *Mitchell,* 831 S.W.2d at 832. The actions and utterances of Appellant are evidence that he did not feel detained. Other than the fact that one of the officers produced credentials and requested that Appellant stop, the officer did nothing else that would evidence a detention. Arguably, a reasonable person might assume that the officers wanted to discuss someone else's conduct or discuss a police situation. We do not believe that each time an officer exposes identification and asks a person to stop that a reasonable person would always assume he was detained. We hold that under these circumstances, the trial judge did not abuse his discretion in finding that a reasonable person may not have felt detained. In our opinion, the trial court could have reasonably

and properly concluded that Bunts was not the subject of a seizure or detention at the point where Officer Martinez approached him and attempted to speak with him. Thus, we need not determine whether, at that point, Bunts' demeanor was indicative of drug trafficking in particular, rather than merely of eccentricity; or whether Bunts' demeanor was of such character as to justify an involuntary investigative detention.

■ The record before us does not require us to find that the trial court abused its discretion in holding that Appellant was not detained or arrested until *after* the canine alerted positive on his luggage.[2] In *United States v. Place,* 462 U.S. 696, 707, 103 S.Ct. 2637, 2645, 77 L.Ed.2d 110 (1983), the United States Supreme Court held that exposing luggage located in a public space to a trained canine does not amount to a "search" within the meaning of the Fourth Amendment and therefore does not require probable cause. *See also Crockett v. State,* 803 S.W.2d 308, 310 n. 5 (Tex.Crim.App.1991). But a positive result in a canine "sniff test" of luggage is grounds for his justifiable arrest based on probable cause. *Royer,* 460 U.S. at 506, 103 S.Ct. at 1329. Applying *Place* and *Royer,* the "alert" on Bunts' luggage by a dog properly trained to detect the presence of narcotics provided the probable cause necessary to detain and arrest him. *See Walsh v. State,* 743 S.W.2d 687, 688 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Given that the facts of this case establish a valid arrest based on probable cause, we cannot conclude that the trial court erred in denying Bunts' motion to suppress the evidence. We overrule Appellant's sole point of error.

The judgment of the trial court is affirmed.

2. Appellant's defense counsel argued at the suppression hearing that Bunts gave testimony at his examining trial that was inconsistent with the officers' testimony at the hearing on the motion to suppress. Bunts allegedly testified during the examining trial that he was stopped before the canine sniff occurred. Because Bunts did not testify at the hearing on the motion to suppress, his defense counsel asked the trial court to take judicial notice of Bunts' testimony at the examin-

ing trial. The trial judge did not indicate whether he would take judicial notice of the examining trial testimony, nor is the statement of facts from the examining trial a part of this appellate record. Moreover, even if the trial judge did take judicial notice of the testimonial inconsistencies presented during the examining trial, as the trier of fact, the trial court is in the position to determine the credibility of the witnesses.