Romonita DE JESUS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–93–01135–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 22, 1996.

Frank Alvarez, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

**OPINION**

ANDERSON, Justice.

Romonita De Jesus (De Jesus) appeals from a jury conviction for possession of a controlled substance with the intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (Vernon Supp.1993).[1] The court

---

**1.** The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised health and safety code. *See* Acts 1993, 73rd Leg., Ch. 900, § 2.02.

sentenced her to thirty-five years in the Texas Department of Criminal Justice, Institutional Division. In two points of error, De Jesus contends the trial court erred by overruling her motion to suppress and admitting evidence seized as a result of a warrantless search. We affirm.

Police arrested De Jesus at Houston Hobby Airport after they found approximately thirty kilograms of cocaine in her luggage. Officer G.R. Maxwell, a police officer with the narcotics division of the Houston police department, initially became suspicious of De Jesus when she dropped off her luggage. Officer Maxwell observed her repeatedly scanning the surrounding area, appearing to be very nervous. After De Jesus walked away from her luggage, Officer Maxwell visually inspected her bags, which were very heavy and smelled like coffee, a tactic used frequently by narcotics traffickers to mask the odor of drugs. The officer wrote down the baggage claim numbers and retrieved a dog trained to detect the odor of drugs. The dog made a positive "alert" on the luggage, indicating the presence of illegal narcotics. Officer Maxwell and another officer, Diana Luiz, subsequently found De Jesus at the airport restaurant and questioned her as to why the narcotics dog indicated the presence of drugs in her luggage. Officer Luiz questioned De Jesus in Spanish after De Jesus told the officers she felt more comfortable speaking that language. De Jesus responded that she did not know any reason why the dog indicated the presence of drugs, and quickly added that she did not own the suitcases, but was carrying them for a friend. During the questioning, De Jesus' hands were visibly shaking and she appeared nervous to the officers. Officer Luiz subsequently asked De Jesus to accompany them to the area where they had secured her luggage. After De Jesus consented to have the luggage opened, the police found thirty kilograms of cocaine.

In her first and second points of error, De Jesus contends the trial court erred by overruling her pretrial motion to suppress and by

admitting the evidence obtained as a result of her arrest at trial. Specifically, she claims the warrantless search of her suitcases violated Article I, § 9 of the Texas Constitution, and Articles 1.06 and 38.23 of the Texas Code of Criminal Procedure. Although she gave the police consent to open the bags, she argues her consent resulted from an illegal arrest. Specifically, De Jesus argues that her removal from the restaurant to the baggage area constituted an arrest. Further, she contends the police did not have probable cause for her arrest and her subsequent consent to open the luggage was tainted by the allegedly illegal arrest.

As a preliminary matter, the State challenges De Jesus' standing to challenge the search. The State contends that she had no reasonable expectation of privacy in the suitcases because she told the police the bags belonged to a friend. In order to challenge the validity of a search and seizure, the defendant bears the burden of demonstrating that her Fourth Amendment rights have been violated. *Rakas v. Illinois,* 439 U.S. 128, 139–40, 99 S.Ct. 421, 428–29, 58 L.Ed.2d 387 (1978); *Kelley v. State,* 807 S.W.2d 810 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Although De Jesus has brought this challenge on state and federal constitutional grounds, we will first analyze the issue under federal constitutional law because state law must at least meet this minimum standard. *Heitman v. State,* 815 S.W.2d 681, 682 (Tex. Crim.App.1991). The issue of whether a search violated a defendant's Fourth Amendment rights involves two inquiries: 1) defendant must establish that he or she had a subjective expectation of privacy in the place or property searched, and 2) defendant must establish that society would recognize the subjective expectation as objectively reasonable. *State v. Comeaux,* 818 S.W.2d 46, 51 (Tex.Crim.App.1991) (plurality) (citing *Katz v. U.S.,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).

Although no Texas court has decided whether a bailee of luggage meets this test, several courts from other jurisdictions have

Therefore, all references to the health and safety code are to the code in effect at the time the

crime was committed.

found that a defendant has standing in this situation. *See e.g. United States v. Benitez–Arreguin,* 973 F.2d 823 (10th Cir.1992); *Robles v. State,* 510 N.E.2d 660 (Ind.1987), *cert. denied,* 487 U.S. 1218, 108 S.Ct. 2872, 101 L.Ed.2d 907 (1987); *State v. Casey,* 59 N.C.App. 99, 296 S.E.2d 473 (1982); *State v. Grundy,* 25 Wash.App. 411, 607 P.2d 1235 (1980); *cf., United States v. McBean,* 861 F.2d 1570 (11th Cir.1988) (holding defendant failed subjective element when he disclaimed both ownership *and* knowledge of the bag's contents). The present case is almost factually identical to *Benitez–Arreguin,* and we find the eleventh circuit's reasoning persuasive. *Benitez–Arreguin,* 973 F.2d 823. The court held that the defendant established a subjective expectation of privacy by asserting a possessory interest through a bailment, and that this interest is one which society would recognize as reasonable. *Id.* at 828. To support its finding that a bailment of luggage establishes a reasonable expectation of privacy, the court relied, in part, on the general rule that "a bailee in possession of personal property may recover compensation for any conversion of the article bailed or destruction of or damage to the bailed property, by another while in his possession." *Id.* (citing 8 Am.Jur.2d *Bailments* § 263, at 994 (1980)). Likewise, in Texas, a bailee has a cause of action against third parties with respect to the bailed property. 8A Tex. Jur.3d *Bailments* § 68; *Mims v. Hearon,* 248 S.W.2d 754, 757 (Tex.Civ.App.—Dallas 1952, no writ).

■ De Jesus asserted a subjective interest in the bailed property in two respects. First, she claimed she was carrying the suitcases for a friend, believing the luggage contained clothing. Second, she placed luggage tags with her first name on the suitcases. Further, based upon the nature of a bailment of personal property, her expectation of privacy was objectively reasonable. Thus, De Jesus' Fourth Amendment rights, and therefore her state constitutional rights, were implicated giving her standing to challenge the constitutionality of the search.

■ De Jesus argues the police arrested her without a warrant or without probable cause. Consequently, she contends the arrest tainted her consent and rendered it invalid. The State bears the burden of proving the legality of a warrantless arrest or search. *McVickers v. State,* 874 S.W.2d 662, 664 (Tex. Crim.App.1993). A positive alert for narcotics made by a police canine establishes probable cause for an arrest. *Florida v. Royer,* 460 U.S. 491, 506, 103 S.Ct. 1319, 1326, 75 L.Ed.2d 229 (1983) (plurality); *Bunts v. State,* 881 S.W.2d 447, 450 (Tex.App.—El Paso 1994, pet. ref'd).

■ Officer Maxwell witnessed De Jesus in possession of the luggage and also matched her baggage claim ticket with that on the suitcase prior to her arrest. Thus, the police had probable cause to arrest De Jesus.[2] Moreover, a police officer may make a warrantless arrest for an offense committed in his presence or his view. TEX.CODE CRIM.PROC. ANN. art. 14.01(b) (Vernon 1977). The officer must have probable cause to believe the offense was committed in order to arrest under this provision. *Beverly v. State,* 792 S.W.2d 103, 104–105 (Tex.Crim.App. 1990). Officer Maxwell viewed De Jesus in possession of the luggage. Upon establishing probable cause that the luggage contained narcotics, Officer Maxwell was authorized to arrest De Jesus. It is not necessary under article 14.01 that the officer was certain an offense was committed, so long as he had reasonably trustworthy information to warrant a prudent person in believing that the arrested person had committed or was committing an offense. *Id.* at 105; *Lunde v. State,* 736 S.W.2d 665, 667 (Tex.Crim.App. 1987).

■ Although the arrest was valid, the consent to search must still have been given freely and voluntarily. *See Allridge v. State,* 850 S.W.2d 471, 493 (Tex.Crim.App.1991), *cert. denied,* —— U.S. ——, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993). The question of whether consent to search was given freely and voluntarily is a question of fact to be determined from the totality of the circumstances. *Meeks v. State,* 692 S.W.2d 504, 509 (Tex.

2. Although the facts of this case suggest that the questioning at the restaurant constituted an investigative detention and not an arrest, Officer Luiz testified at trial that at this point De Jesus was not free to leave and was, in fact, placed under arrest. *See Amores v. State,* 816 S.W.2d 407, 411–412 (Tex.Crim.App.1991).

Crim.App.1985); *Harris v. State,* 882 S.W.2d 61, 64 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). The State has the burden to prove by clear and convincing evidence that the consent met this standard. *Allridge,* 850 S.W.2d at 493; *Meeks,* 692 S.W.2d at 509. The fact that a person is under arrest does not necessarily prevent a person from giving consent freely and voluntarily, but it is a factor. *Meeks,* 692 S.W.2d at 509. Although the police do not have to warn the suspect that consent may be refused, a showing that the police informed the suspect of the right to refuse is a factor in determining whether the consent was valid. *Allridge,* 850 S.W.2d at 493. Another factor is whether *Miranda* warnings were given. *Arroyo v. State,* 881 S.W.2d 784, 789 (Tex.App.—Houston [14th Dist.] 1994, no pet.).

 The police informed De Jesus of both her *Miranda* rights and her right to refuse consent prior to her giving consent. When Officer Luiz initially asked De Jesus, in Spanish, if she could open the luggage, De Jesus responded, "You're the police. You're going to open it anyway." Officer Luiz then informed De Jesus that she may refuse consent. According to Officer Maxwell, De Jesus then affirmatively gave her consent to open the luggage. De Jesus contends that she did not verbally give her consent after being informed of her right to refuse, but at the most merely acquiesced to the search. However, the trial judge is the sole judge of the credibility of witnesses at a pretrial suppression hearing. *Butler v. State,* 872 S.W.2d 227, 236 (Tex.Crim.App.1994), *cert. denied,* — U.S. ——, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995). The trial judge apparently reconciled this discrepancy in favor of the State. De Jesus' consent was given during a legal detention, after being informed of her rights, with knowledge that she could refuse consent. There was no misconduct, duress or coercion. Under the totality of the circumstances, we find that De Jesus' consent was freely and voluntarily given. We overrule points of error one and two.

The judgment of the trial court is affirmed.