NO. 07-01-0510-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 7, 2003

_____

ALBERTO ALVAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF HALL COUNTY;

NO. 3118; HONORABLE DAVID MCCOY, JUDGE

_____

Before JOHNSON, C.J., and QUINN, and REAVIS, JJ.

MEMORANDUM OPINION

Appellant Alberto Alvarez appeals from his conviction for possession of marijuana, and incarceration for five years. By three issues he asserts that the trial court erred in failing to suppress evidence discovered by police following the warrantless search of appellant's vehicle and appellant's warrantless arrest. We affirm.

BACKGROUND

On March 26, 2000, Officers Daniel Hawthorne and Coby Lomax were conducting surveillance on a house located in or about Turkey, Texas. Officers Hawthorne and Lomax had received from a detective in Kansas a description of a house southwest of Turkey that was believed to be involved in marijuana smuggling, and the officers had set up surveillance on this house because it matched the house described to them by the Kansas detective. While observing the house, the officers noticed a vehicle parked at the house. Later, the officers observed a vehicle approaching a stop sign at an intersection near the house. Although the officers did not realize it until later, this vehicle was the same vehicle which they had observed parked in the vicinity of the house. The officers stopped the vehicle for allegedly running the stop sign.[1] After appellant exited the vehicle, Officer Hawthorne patted him down for weapons. Hawthorne found no weapons, but did find a bundle of bills that amounted to approximately $2,500.00.

What occurred next is disputed. According to Officer Hawthorne, he asked for consent to search appellant's vehicle and appellant consented freely and voluntarily. According to appellant, Hawthorne proceeded to search the vehicle without asking for consent. Appellant did not execute a written consent to search the vehicle, and although the interaction between Hawthorne and appellant was recorded on the video recorder in the officers' vehicle, the microphone was not activated until after the officers began

---

[1]Appellant denied running the stop sign at the hearing on the motion to suppress.

2

searching appellant's vehicle.[2]  The officers did not have either a search warrant or an arrest warrant.  During the search of the vehicle, the officers located approximately 153 pounds of marijuana in the vehicle's trunk.

Appellant was arrested and charged with possession of marijuana.  Appellant filed a motion to suppress the evidence obtained via the search of the station wagon.  A pre-trial hearing was held on the motion.  The trial court denied the motion to suppress.  No explicit findings of fact were filed or otherwise made on the record.  At trial, appellant and the State re-litigated the issue of consent to the jury.[3]  The jury found appellant guilty and sentenced him to five years incarceration in TDCJ-ID and fined him $5000.00.

Appellant presents three issues on appeal.  The issues urge that the officers illegally detained him and that the warrantless search of his vehicle and the resultant seizure and admission of evidence from the vehicle search violated his rights under the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution.

STANDARD OF REVIEW

We review a decision on a motion to suppress evidence using a bifurcated standard, giving almost total deference to the trial court's findings of fact, but conducting a *de novo*

---

[2]The tape was presented to the judge at the suppression hearing and admitted into evidence before the jury.  We have reviewed the videotape as part of the appellate record.

[3]The jury was also instructed on the issue of whether the stop of appellant's vehicle was a pretext stop.  Appellant does not urge any error in the jury's apparent resolution of these issues against him, and we express no opinion on the jury's verdict.

review of the court's application of law to those facts.  Maxwell v. State, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002); State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000). Absent findings of fact on the record, we examine the record in the light most favorable to the trial court's ruling.  Maxwell, 73 S.W.3d at 281; State v. Ballard, 987 S.W.2d 889, 891 (Tex.Crim.App. 1999).  We infer all findings necessary to support the trial court's ruling, and must sustain the trial court's ruling if the record reasonably supports the ruling and the ruling is correct on any theory of law applicable to the case.  Ross, 32 S.W.3d at 855-56.

ISSUES ONE AND TWO:
SCOPE OF SEARCH AND CAUSE FOR DETENTION

In appellant's first and second issues, appellant alleges that his detention was invalid because it exceeded the scope of a Terry[4] stop and because the officers lacked reasonable suspicion or probable cause to detain him.  Appellant has failed to preserve these issues for appellate review.

A motion to suppress evidence is a specialized objection regarding the admissibility of evidence.  Bradley v. State, 960 S.W.2d 791, 800 (Tex.App.–El Paso 1997, pet. ref'd). It must adhere to the requirements of an objection.  Id.  Generally, when a pre-trial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error.  See Livingston v. State, 739 S.W.2d 311, 334 (Tex.Crim.App. 1987).  However, in order to preserve error, the objection made in a motion to suppress must correspond with the argument being made

_____

[4]Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

4

on appeal. <u>See</u>, <u>e.g.</u>, <u>Thomas v. State</u>, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986); <u>Davis v. State</u>, 22 S.W.3d 8, 11 (Tex.App.–Houston [14th Dist.] 2000, no pet.); <u>Bradley</u>, 960 S.W.2d at 800; <u>Cox v. State</u>, 931 S.W.2d 349, 358 (Tex.App.–Fort Worth 1996), pet. dism'd, 951 S.W.2d 5 (Tex.Crim.App. 1997); <u>State v. Brady</u>, 763 S.W.2d 38, 43 (Tex.App.–Corpus Christi 1988, no pet.). Also, when evidence which has been the subject of a previously overruled motion to suppress is offered at trial and the defendant affirmatively states "no objection," the error preserved by presentation of and overruling of the motion to suppress is waived. <u>See</u> <u>Jones v. State</u>, 833 S.W.2d 118, 126 (Tex.Crim.App. 1992).

Appellant's motion to suppress complained generally about the alleged "unlawful arrest, search and seizure." Appellant's only specific objection was that the officers searched appellant's "person and vehicle without informed consent being given by [appellant], all in violation of the Fourth Amendment of the United States Constitution and provisions of the Texas Constitution." The motion to suppress did not allege that appellant's detention was invalid because it exceeded the scope of a <u>Terry</u> stop or because the officers lacked reasonable suspicion or probable cause to detain him.[5] At trial, when the evidence was offered by the State for admission into evidence, appellant's trial counsel

---

[5]At the hearing on the motion to suppress, a colloquy occurred between the trial judge, defense counsel and the prosecuting attorney. During the colloquy, the prosecutor stated that "the motion is that there was no informed consent, I believe is the basis of [the] motion." Appellant did not object to the prosecutor's characterization of the basis of appellant's motion. Moreover, although several subjects were discussed informally during the hearing including the concepts of pretext stops and the reasonableness of detention, appellant did not specifically or timely object on these grounds or obtain a ruling on grounds not presented in the motion to suppress.

stated that he had "No objection, except for the motions that we have had prior." After the State rested its case, appellant orally renewed his motion to suppress and also made an oral motion to acquit on the grounds that the stop of appellant's vehicle was a pretext stop and that appellant did not voluntarily consent to the search of his vehicle.

A fair reading of appellant's motion to suppress shows that the only specific objection raised by appellant was that appellant did not consent or did not voluntarily consent to the search of his vehicle, and that the search therefore violated his rights under the Fourth Amendment to the U.S. Constitution. Appellant's general reference to unspecified provisions of the Texas Constitution was too general to constitute an objection and preserve error for appellate review. TEX. R. APP. P. 33.1(a)(1). Moreover, appellant waived any other non-fundamental errors when appellant's counsel stated that he had "no objection" to the admission of the evidence seized as a result of the search, except for the objection raised in the motion to suppress. Jones, 833 S.W.2d at 126. Appellant's oral motion to acquit was insufficient to preserve additional grounds for review because to the extent it may have constituted an objection to the admission of illegally seized evidence, it was untimely made. See Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998); TEX. R. APP. P. 33.1(a)(1). Therefore, the only issue that has been preserved for appellate review is whether appellant consented or voluntarily consented to the search of his vehicle. Bradley, 960 S.W.2d at 800. Appellant's first and second issues are overruled.

6

ISSUE THREE: CONSENT TO SEARCH

By his third issue, appellant alleges that the search of his vehicle was unlawful because appellant did not effectively consent to the search. Appellant alleges that the State failed to prove by clear and convincing evidence that he gave the officers consent to search. In the alternative, appellant argues that if appellant gave consent, that it was given under duress and coercion and as a mere acquiescence to a show of lawful authority. The State responds that the evidence was sufficient to prove that appellant voluntarily consented to the search of the vehicle.

Under the Fourth and Fourteenth Amendments, a search conducted without a warrant issued upon probable cause is "*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). One such established exception is a search conducted with the consent of the suspect. Schneckloth, 412 U.S. at 219. For consent to be a valid exception, however, that consent must be voluntary. See id. at 223. The federal constitution requires the State to prove the validity of the consent by a preponderance of the evidence.[6] Guevara v. State, 97 S.W.3d 579, 582 (Tex.Crim.App.

---

[6]In appellant's motion to suppress, appellant made only a general reference to the Texas Constitution. Appellant did not invoke any specific provisions or protections of the Texas Constitution as they differ from the provisions and protections of the Fourth Amendment of the U.S. Constitution. Such a general reference to the Texas Constitution is insufficient to preserve error. Dewberry v. State, 4 S.W.3d 735, 748 (Tex.Crim.App. 1999); TEX. R. APP. P. 33.1(a)(1). Thus, we will review the record using the federal standard to determine whether the State's evidence proved the voluntariness of appellant's consent by a preponderance of the evidence.

7

2003); Maxwell, 73 S.W.3d at 281. At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and their testimony. Id.

The validity of a consent to search is a question of fact to be determined from the totality of all the circumstances. Ohio v. Robinette, 519 U.S.33, 40, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996); Guevara, 97 S.W.3d at 582. Courts have identified a number of factors which may be considered in determining whether a person voluntarily consented to a search, including, but not limited to: (1) whether the police displayed weapons or used physical force or other intimidating tactics, United States v. Wyatt, 179 F.3d 532, 535 (7th Cir. 1999); Frierson v. State, 839 S.W.2d 841, 851 (Tex.App.--Dallas 1992, pet. ref'd); (2) whether the police engaged in misconduct, United States v. Cherry, 759 F.2d 1196, 1211 (5th Cir. 1985); De Jesus v. State, 917 S.W.2d 458, 462 (Tex.App.--Houston [14 Dist.] 1996, pet. ref'd); (3) whether the police asserted a right to search, Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Dawson v. State, 868 S.W.2d 363, 368 (Tex.App.--Dallas 1993, pet. ref'd); (4) the degree to which the detainee cooperated with the search, United States v. Cooper, 43 F.3d 140, 147 (5th Cir. 1995); Frierson, 839 S.W.2d at 851; (5) the detainee's age, intelligence, education, and physical condition, Schneckloth, 412 U.S. at 226; Dawson, 868 S.W.2d at 368; (6) the detainee's attitude about the likelihood of discovering contraband, United States v. Gonzales, 79 F.3d 413, 421 (5th Cir. 1996); and (7) whether the detainee was aware of the right to refuse consent, Schneckloth, 412 U.S. at 226-27; Allridge v. State, 850 S.W.2d 471, 493 (Tex.Crim.App. 1991). No single factor is dispositive. United States v. Morales, 171 F.3d 978, 983 (5th Cir. 1999); Arcila v. State, 788 S.W.2d 587, 591 (Tex.App.--Dallas 1990),

8

aff'd, 834 S.W.2d 357 (Tex.Crim.App.1992), overruled on other grounds by <u>Guzman v. State</u>, 955 S.W.2d 85 (Tex.Crim.App. 1997).

As no findings of fact were made on the record, we infer a finding that appellant consented to the search of his vehicle, and review the record in the light most favorable to the trial court's ruling. <u>Maxwell</u>, 73 S.W.3d at 281; <u>Ross</u>, 32 S.W.3d at 855-56. As the trial court was in the best position to judge the credibility of the witnesses and their testimony, we defer to the trial court's finding. Viewed in such a light, the evidence that appellant consented, although controverted by appellant, is sufficient to support the trial court's implied finding of consent. <u>See</u>, <u>e.g.</u>, <u>Martinez v. State</u>, 17 S.W.3d 677, 683 (Tex.Crim.App. 2000).

Next, we consider whether appellant's consent was voluntary. Reviewing the totality of the circumstances, we find that the State proved by a preponderance of the evidence that appellant effectively consented to the search.

The record of the suppression hearing shows that at the time of the hearing, appellant was 26 years old and had resided in Kansas for approximately ten years. From the hearing and the videotape, it is apparent that appellant is sufficiently fluent in the English language to carry on basic conversations in English, albeit with some difficulty. The record does not reveal any other details concerning appellant's intelligence or education.

The record shows that the officers approached appellant's vehicle with guns drawn but not pointed at appellant. The guns were re-holstered after appellant was removed from

9

the vehicle. Officer Hawthorne testified that appellant consented freely and voluntarily. There is no evidence that either of the officers asserted a right to search or engaged in any kind of coercion. Appellant was not handcuffed or held at gunpoint while the search proceeded, although he was apparently placed in the back seat of the officers' vehicle at some point after the officers began the search. There is no evidence that appellant was aware of his right to refuse the search. At one point during the search, appellant cooperated with the officers by attempting to open the vehicle's trunk. Appellant testified that he knew there was marijuana in the trunk.

On balance, we find that the totality of the circumstances supports a finding that appellant's consent was voluntary. We overrule appellant's third issue.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Phil Johnson
Chief Justice

Do not publish.