Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



MAYRA LORENA DELGADILLO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00507-CR

Appeal from the

409th District Court

of El Paso County, Texas

(TC# 20030D02248)




O P I N I O N

           This is an appeal from a conviction for the offense of possession of marijuana in
the amount of fifty pounds or less but more than five pounds. Appellant pleaded guilty
and the court assessed punishment at two years’ community supervision and a fine of
$1,000. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           At the hearing on Appellant’s motion to suppress the evidence, Officer Martin
Moncada testified that he worked for the El Paso Police Department, and he was assigned
to a canine unit. He stated that on October 24, 2002, he was patrolling a small parking lot
near the entrance to a international bridge known as the Zaragoza port-of-entry. There was
a bank of pay telephones in the parking lot that people typically stopped to use when crossing
either way on the bridge.
           He was using his dog to sniff the air near several vehicles that were parked in the lot. 
The dog alerted on a van. The officer noticed that there were three people in the van. There
was a driver, Appellant, a passenger, Appellant’s sister, and a child in the van. Appellant
was the owner of the vehicle. Officer Moncada advised Appellant that the dog had alerted
on the van indicating the presence of narcotics. He asked if he could search the vehicle and
she gave consent to search. He also stated to her that he really did not need her permission
as the dog had alerted on the vehicle. He did not threaten or promise anything in obtaining
the consent. The dog was deployed inside the van and it pinpointed an area on the floorboard
behind the driver’s seat. The officer noticed the carpet was loose and he pulled it back. He
saw an access panel that had been cut out. When he lifted the covering to the compartment,
he saw bundles of marijuana. Appellant and her sister were placed under arrest and the
officer then called for assistance. In further testimony, Officer Moncada stated that he did
not park his patrol vehicle in such a manner that Appellant could not move her vehicle.
           Appellant testified at the hearing. She related that she had parked her vehicle near the
phone bank in the parking lot. Officer Moncada then drove up and parked right beside as
another vehicle parked behind her. There was already a car in front of her. She was blocked
from leaving the area. The officer took his dog to the vehicle in front of her and then he
brought it back to her car. The dog was sniffing in the air. The officer asked her and the
other two individuals in the car to get out of the vehicle. He placed the dog in the car. 
Appellant testified that the officer never asked for consent to search the vehicle.
II. DISCUSSION
           In Appellant’s sole issue, she maintains that the court erred in denying her motion to
suppress the evidence.


 Specifically, Appellant contends that Officer Moncada unlawfully
detained her by preventing her from leaving the parking lot according to her rendition of
events; therefore, the officer needed reasonable suspicion to cause the dog to sniff the area
around her occupied van.
           We review the trial court’s ruling on a motion to suppress evidence under an
abuse-of-discretion standard. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App.
1996). If supported by the record, a trial court’s ruling on a motion to suppress will not be
overturned. Hill v. State, 902 S.W.2d 57, 59 (Tex.App.--Houston [1st Dist.] 1995, pet. ref’d). 
At a suppression hearing, the trial judge is the sole finder of facts. Arnold v. State, 873
S.W.2d 27, 34 (Tex.Crim.App. 1993); Hill, 902 S.W.2d at 59. The trial judge is free to
believe or disbelieve any or all of the evidence presented. Romero v. State, 800 S.W.2d 539,
543 (Tex.Crim.App. 1990). We give almost total deference to the trial court’s determination
of historical facts that the record supports, especially when the trial court’s findings turn on
evaluating a witness’s credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856
(Tex.Crim.App. 2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000);
Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We give the same amount of
deference to the trial court’s ruling on mixed questions of law and fact if the question is
resolved by evaluating credibility and demeanor. Ross, 32 S.W.3d at 856. Where, as here,
the trial court does not make explicit findings of fact, we review the evidence in the light
most favorable to the trial court’s ruling. Carmouche, 10 S.W.3d at 327-28. We must
assume the trial court made implied findings of fact that are supported by the record. Id. at
328.
           We consider de novo issues that are purely questions of law, such as whether probable
cause existed. See Maxwell v. State, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002); Guzman,
955 S.W.2d at 89. Furthermore, if the trial court’s ruling is reasonably supported by the
record and is correct on any theory of law applicable to the case, the reviewing court will
sustain it upon review. Villarreal, 935 S.W.2d at 138. This is true even if the decision is
correct for reasons different from those espoused at the hearing. Id. at 138-39.
           There are three distinct categories of interactions between police officers and citizens:
encounters, investigative detentions, and arrests. State v. Perez, 85 S.W.3d 817, 819
(Tex.Crim.App. 2002). An arrest must be supported by probable cause; a detention requires
reasonable suspicion; and an encounter needs no justification. Johnson v. State, 912 S.W.2d
227, 235 (Tex.Crim.App. 1995). Police officers do not violate the Fourth Amendment by
approaching an individual on the street or in another public place and questioning him. 
Perez, 85 S.W.3d at 819.
           An investigative detention requires an officer to have a reasonable suspicion to believe
that an individual is involved in criminal activity. Balentine v. State, 71 S.W.3d 763, 768
(Tex.Crim.App. 2002). The “reasonableness” of a temporary detention must be examined
in terms of the totality of the circumstances and will be justified when the detaining officer
has specific articulable facts, which, taken together with rational inferences from those facts,
lead him to conclude that the person detained actually is, has been, or soon will be engaged
in criminal activity. Id. The controlling question in determining whether there was a
detention is whether the actions of the officer would have made a reasonable person feel they
were not free to decline the officer’s requests or otherwise terminate the encounter. State v.
Velasquez, 994 S.W.2d 676, 679 (Tex.Crim.App. 1999).
           A sniff of the outside of an automobile by a trained canine is not a search within the
meaning of the Fourth Amendment. See United States v. Place, 462 U.S. 696, 707, 103 S.Ct.
2637, 2644 (1983); Crockett v. State, 803 S.W.2d 308, 310 n.5 (Tex.Crim.App. 1991); Ortiz
v. State, 930 S.W.2d 849, 856 (Tex.App.--Tyler 1996, no pet.). This is because the exterior
or open-air dog sniff is much less intrusive than a typical search and only discloses the
presence or absence of narcotics. See Crockett, 803 S.W.2d at 311. As such, in this instance,
Officer Moncada and his dog were free to approach Appellant’s van and observe anything
that could be perceived by the public, including odors emanating from the van indicating the
use or presence of narcotics. Perez, 85 S.W.3d at 819; see also State v. Crawford, 120
S.W.3d 508, 510 (Tex.App.--Dallas 2003, no pet.).
           In contrast to Appellant’s testimony, Officer Moncada stated that he did not block in
her van. Appellant suggests that her testimony is more believable; however, the court was
free to believe or disbelieve her testimony regarding the officer’s actions. Further, Appellant
maintains that there was a greater expectation of privacy existent because the van was
occupied. However, this contention runs counter to the established principle that the police
may engage in encounters with the public without such interactions being characterized as
detentions. It is well-settled that a trained narcotics dog’s positive alert for drugs is sufficient
to establish probable cause for an arrest. De Jesus v. State, 917 S.W.2d 458, 461
(Tex.App.--Houston [14th Dist.] 1996, pet. ref’d); Bunts v. State, 881 S.W.2d 447, 450
(Tex.App.--El Paso 1994, pet. ref’d); Walsh v. State, 743 S.W.2d 687, 688-89 (Tex.App.--
Houston [1st Dist.] 1987, pet. ref’d).
           In this instance, the interaction between Officer Moncada and Appellant did not
amount to a detention until he told her to exit the vehicle so he could search it for narcotics. 
See Martin v. State, 104 S.W.3d 298, 301 (Tex.App.--El Paso 2003, no pet.). By that time,
the dog had alerted on the vehicle and Officer Moncada had obtained consent to search the
vehicle. Accordingly, we overrule Appellant’s sole issue on appeal.
 

           Having overruled Appellant’s sole issue on appeal, we affirm the judgment of the trial
court.
 
                                                                  RICHARD BARAJAS, Chief Justice
July 28, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)