Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00248-CR 

                                                     __________

 

                            DAVID
CHARLES TRAMMELL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                       On
Appeal from the 104th Judicial District

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 15261B

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

David
Charles Trammell was convicted of possession of methamphetamine with the intent
to deliver in an amount of more than four grams but less than 200 grams enhanced
by two prior convictions.  He was sentenced to life in prison.  We affirm.

Issues
on Appeal








In
three issues, appellant challenges the trial court=s ruling on his motion to suppress.  Appellant
argues that the evidence was insufficient to show probable cause to arrest
appellant, the evidence was insufficient to show reasonable suspicion to detain
appellant, and the right to detain appellant ended after the officers
identified him by his driver=s
license.

 Standard
of Review

A
trial court=s ruling
on a motion to suppress is reviewed for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  In reviewing a trial
court=s ruling on a
motion to suppress, appellate courts must give great deference to the trial
court=s findings of
historical facts as long as the record supports the findings.  Torres v.
State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Guzman v. State,
955 S.W.2d 85, 87 (Tex. Crim. App. 1997).  We will uphold the trial court=s ruling on a motion to
suppress if that ruling was supported by the record and was correct under any
theory of law applicable to the case.   State v. Ross, 32 S.W.3d 853,
856 (Tex. Crim. App. 2000).  Because the trial court is the exclusive
factfinder, the appellate court reviews evidence adduced at the suppression
hearing in the light most favorable to the trial court=s ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference to the trial
court=s rulings on
mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman, 955 S.W.2d at 89.  Where such rulings
do not turn on an evaluation of credibility and demeanor we review the trial
court=s actions de
novo.  Myers v. State, 203 S.W.3d 873, 879 (Tex. App.CEastland 2006, pet. ref=d).

Relevant
Facts

William
Bradley Birchum, a narcotics investigator with the Taylor County Sheriff=s Office, testified that he
received a tip from a cooperating individual.  Agent Birchum testified that the
information he received from the cooperating individual was that a meth cook by
the name of Chuck was at 901 Pecan with methamphetamine.  Agent Birchum
testified that he and another narcotics investigator, Lieutenant Donnie
Edwards, set up surveillance at the residence to determine if the information
was credible.  Agent Birchum testified that he was familiar with the residence
because he had recently executed a narcotics search warrant at that residence. 
He knew that one of the residents of the house was involved with
methamphetamine and had a pending methamphetamine case.








While
surveilling the property, Agent Birchum testified that he observed an
individual moving back and forth from the residence to a pickup in the
backyard.  Agent Birchum testified that, when the individual got into the
pickup and left, he and Lieutenant Edwards followed it in an unmarked car.  The
individual pulled the pickup into an Allsup=s
a few miles away.   He did not stop the pickup in response to a traffic stop;
rather, the pickup voluntarily stopped.  Agent Birchum testified that they
pulled in behind the pickup and got out.  The individual got out of the pickup
and identified himself as Chuck Trammell.  Agent Birchum testified that, when
he learned appellant=s
identity, it Acorroborated
in my mind that [the] CI knew what they were talking about when they said
Chuck.@  Agent Birchum
further testified that Lieutenant Edwards, another narcotics officer working
the case, also had received information that a Chuck Trammell was manufacturing
methamphetamine in Abilene on a regular basis.  Agent Birchum testified that he
asked for consent to search the pickup, but appellant did not give consent. 
Agent Birchum testified that there was a marked canine unit en route to the
scene.  The canine unit arrived on the scene about eight minutes after the
pickup left the residence that was under surveillance and approximately three
to five minutes after appellant stopped at Allsup=s. 
The canine unit performed an open air sniff, and the dog alerted on the
pickup.  Agent Birchum then searched the pickup and found contraband.

Lieutenant
Edwards testified that he was an investigator in the narcotics division with
the Taylor County Sheriff=s
Office.  He testified that he and Agent Birchum were working together on the
day that appellant was arrested.  He testified that, in the twenty-four hours
prior to making contact with appellant, he had received information from a
federal agency that an individual by the name of Chuck Trammell was Amanufacturing large amounts
of methamphetamine on nearly a daily basis in the Abilene/Taylor County area.@  Lieutenant Edwards
testified that the information Agent Birchum had received regarding AChuck@ being in possession of
methamphetamine at 901 Pecan coupled with the information that he had received
that Chuck Trammell was manufacturing methamphetamine gave rise to reasonable
suspicion to detain appellant.

Analysis








Not
every encounter between police and citizens implicates the Fourth Amendment.  Florida v.
Bostick, 501 U.S. 429, 434 (1991); Hunter v. State, 955 S.W.2d 102,
104 (Tex. Crim. App. 1997).  A police officer is free to stop and ask questions
of a citizen as long as that individual feels free to disregard the police and
go about his business.  Bostick, 501 U.S. at 434; Hunter, 955
S.W.2d at 104.  An officer may generally ask questions of an individual, ask to
examine the individual=s
identification, and request consent to search.  Bostick, 501 U.S. at
435.

Further,
police officers may stop and briefly detain persons suspected of criminal
activity on less information than is constitutionally required for probable
cause to arrest.  Terry v. Ohio, 392 U.S. 1 (1968); Garza v. State,
771 S.W.2d 549, 558 (Tex. Crim. App. 1989).  To justify an investigative
detention, the individual officer must have a reasonable suspicion that Asome activity out of the
ordinary is occurring or has occurred, some suggestion to connect the detainee
with the unusual activity, and some indication the unusual activity is related
to crime.@  Garza,
771 S.W.2d at 558.  The officer must have specific articulable facts that, in
light of his experience and personal knowledge and together with inferences
from those facts, would reasonably warrant the intrusion on the freedom of the
person detained for investigation.  Terry, 392 U.S. at 30; Carmouche,
10 S.W.3d at 328.

The
information provoking the officer=s
suspicions need not be based on his own personal observations but may be based
on an informant=s tip
that bears sufficient Aindicia
of reliability@ to
justify a stop.  Carmouche, 10 S.W.3d at 328.  That information can be
reliable if it is reasonably corroborated by other matters within the officer=s knowledge or by the
officer=s subsequent
investigation.  Illinois v. Gates, 462 U.S. 213, 242 (1983); Whaley
v. State, 686 S.W.2d 950, 950-51 (Tex. Crim. App. 1985).  Reasonable
suspicion is dependent upon both the content of the information possessed by
the police and its degree of reliability.  Alabama v. White, 496 U.S.
325, 330 (1990).








The
reasonableness of a temporary detention turns on the totality of the
circumstances in each case.  Gates, 462 U.S. at 230-31; Shaffer v.
State, 562 S.W.2d 853, 855 (Tex. Crim. App. 1978). There is not a defined
bright-line rule in evaluating whether an investigative detention is
unreasonable.  United States v. Sharpe, 470 U.S. 675, 683 (1985). 
Instead, common sense and ordinary human experience govern over rigid
criteria.  Id.   It is well-established that an investigative detention
must be temporary and last no longer than is necessary to effectuate the
purpose of the stop.  Florida v. Royer, 460 U.S. 491, 500 (1983); Davis
v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997).  The investigative
methods employed should be the least intrusive means reasonably available to
verify or dispel the officer=s
suspicion in a short period of time.  Sharpe, 470 U.S. at 686; Davis,
947 S.W.2d at 245; Josey v. State, 981 S.W.2d 831, 840-41 (Tex.
App.CHouston [14th
Dist.] 1998, pet. ref=d).

If
the officer has a reasonable suspicion that the automobile contains narcotics,
he may temporarily detain it to allow an olfactory sweep by a trained police
dog.  Crockett v. State, 803 S.W.2d 308, 310-11 (Tex. Crim. App. 1991); Estrada
v. State, 30 S.W.3d 599, 603 (Tex. App.C
Austin 2000, pet. ref=d). 
A trained narcotics dog=s
positive alert for drugs is sufficient to establish probable cause for an
arrest.  Royer, 460 U.S. at 506; De Jesus v. State, 917 S.W.2d
458, 461 (Tex. App.CHouston
[14th Dist.] 1996, pet. ref=d);
Bunts v. State, 881 S.W.2d 447, 450 (Tex. App.CEl Paso 1994, pet. ref=d); Walsh v. State,
743 S.W.2d 687, 689 (Tex. App.CHouston
[1st Dist.] 1987, pet. ref=d).

The
trial court did not err in denying appellant=s
motion to suppress.  The officers could ask for appellant=s identity once he had
stopped the pickup at the Allsup=s
without implicating the Fourth Amendment protections.  The officers= investigation  and prior
knowledge corroborated the tips they had received from other sources.  After
learning appellant=s
identity, the officers had reasonable suspicion to detain appellant further. 
Because the evidence established that the canine unit was at the scene within
three to five minutes after appellant stopped the pickup, appellant was not
unreasonably detained.  Once the trained narcotics dog alerted on appellant=s pickup, the officers had
probable cause to arrest appellant and search his pickup.  We overrule
appellant=s three
issues on appeal.

Conclusion

We
affirm the judgment of the trial court.

 

 

RICK STRANGE

July 31, 2008                                                                           JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.