Alberto Garduno IBARRA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00008–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 10, 2005.

Alberto Garduno Ibarra, Beaumont, pro se.

Shawna L. Reagin, Houston, for appellant.

Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, Lori Deangelo Fix, Asst. Dist. Atty., Houston, for appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Alberto Garduno Ibarra, pleaded guilty, without an agreed punishment recommendation, to aggravated first degree possession with intent to deliver a controlled substance, namely cocaine, weighing over 400 grams in violation of section 481.112(a) of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003).[1] Because the amount of cocaine was more than 400 grams, the offense was punishable by confinement for life or 15 to 99 years and a fine not to exceed $250,000. *Id.* § 481.112(f). The trial court orally pronounced appellant's punishment at 15 years confinement. The written judgment and sentence reflected the 15 years confinement, but included a $1 fine that was not orally pronounced.

Appellant's court appointed counsel filed a motion to withdraw as counsel, a hybrid *Anders* brief, and a brief on the merits in which she concludes that the appeal is wholly frivolous and without merit, with one exception. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).[2] Counsel asserts that the $1 fine contained in the written judgment, but not orally pronounced to appellant, violated Code of Criminal Procedure article 42.03 section 1(a). *See* TEX.CODE

---

1. "A person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance," including cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003).

2. A typical *Anders* brief comprises a complete evaluation of the record, addresses all possible grounds for appeal, and presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400; *High v. State,* 573 S.W.2d 807, 811 (Tex.Crim.App.1978); *Moore v. State,* 845 S.W.2d 352, 353 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). Appellant's counsel asserts, however, a point of error that has merit.

CRIM. PROC. ANN. art. 42.03 § 1(a) (Vernon Supp.2004–2005). Appellant's counsel requests that this Court reform the judgment by deleting the fine.

The State has filed a brief in which it agrees that the point of error has merit. The State argues that the remedy is not to delete the $1 fine, but for us to remand the case for a new punishment hearing. We agree with the State.

## Discussion

A sentence must be orally pronounced in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a); *Taylor v. State,* 131 S.W.3d 497, 500 (Tex. Crim.App.2004). The sentence and judgment are just the written declaration and embodiment of the oral pronouncement. TEX.CODE CRIM. PROC. ANN. art. 42.01 § 1; *Taylor,* 131 S.W.3d at 500. When the written sentence and judgment conflict with the oral pronouncement, the oral pronouncement controls. *Taylor,* 131 S.W.3d at 500; *Coffey v. State,* 979 S.W.2d 326, 328 (Tex.Crim.App.1998). Here, the reporter's record shows that the trial judge did not orally pronounce a fine in appellant's presence at the sentencing hearing. Therefore, the judgment incorrectly includes the $1 fine.

Health and Safety Code section 481.112(f) requires both confinement *and* a fine. TEX. HEALTH & SAFETY CODE ANN. § 481.112(f); *Reed v. State,* 795 S.W.2d 19, 19 (Tex.App.-Houston [1st Dist.] 1990, no pet.); *see also Aguirre–Mata v. State,* 26 S.W.3d 922, 925 (Tex.App.-Houston [1st Dist.] 2000), *aff'd,* 125 S.W.3d 473 (Tex. Crim.App.2003). The trial judge erred in not assessing a fine as required for a conviction under section 481.112(f). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(f); *Scott v. State,* 988 S.W.2d 947, 948 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

A sentence outside the statutory limits is void. *Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Crim.App.1993). A void sentence cannot be waived. *Id.* We have no authority to reform the sentence by adding a punishment of any amount, even in the interest of judicial economy and fairness or even if the addition is de minimis. *Reed,* 795 S.W.2d at 19–21; *Scott,* 988 S.W.2d at 948. The only remedy is a new punishment hearing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2004–2005); *Scott,* 988 S.W.2d at 948.

We sustain appellant's point of error.

## Conclusion

We affirm the judgment of the trial court which finds appellant guilty of aggravated first degree possession with intent to deliver a controlled substance. Because we conclude that appellant's sentence is void, we reverse the judgment of the trial court and remand the case for a new punishment hearing pursuant to article 44.29(b) of the Texas Cod of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. Art. 44.29(b) (Vernon Supp.2004–2005).

We deny counsel's motion to withdraw.