

# NUMBER 13-07-00575-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DANIEL L. SAENZ,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, Daniel L. Saenz, was charged by indictment with one count of aggravated sexual assault of a child, a second degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(2), (f) (Vernon Supp. 2007). By one issue, Saenz contends that this Court should remand this case for a new punishment hearing because there was a conflict between the oral pronouncements made by the trial court at the subsequent revocation

hearing and the written judgment.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2006, Saenz was indicted for one count of aggravated sexual assault of a child, a second degree felony.  *See id.* § 22.011(a)(2), (f).  On June 9, 2006, the trial court, in accordance with Saenz's plea agreement, deferred findings of guilt, placed Saenz on community supervision for eight years, and imposed a fine of $1,500.00 and ordered $1,876.00 in restitution.  On September 7, 2007, in response to the State's motion to revoke, the trial court revoked Saenz's community supervision and sentenced him to ten years' imprisonment "along with payment of the unpaid balance of any fine to be imposed in this case, costs and restitution."  At the revocation hearing on September 7, 2007, the trial court informed Saenz that:  "[y]our community service is hereby revoked, you're sentenced to ten years['] imprisonment along with payment of the unpaid balance of any fine to be imposed in this case, costs and restitution."  In its written Adjudication of Guilt, the trial court noted that Saenz was sentenced to ten years in the Texas Department of Criminal Justice-Institutional Division, a $1,500.00  fine was imposed, and $1,876.00 in restitution was ordered.  Also, on September 7, 2007, the trial court certified Saenz's right to appeal.  The record does not demonstrate that Saenz filed a motion for new trial.  On September 14, 2007, Saenz filed his notice of appeal. This appeal ensued.

## II. APPLICABLE LAW

Article 42.02 of the code of criminal procedure provides that a "sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." TEX. CODE CRIM. PROC. ANN. art 42.02 (Vernon 2006).  Moreover, article 42.03 of the code

2

of criminal procedure provides that the sentence shall be pronounced in the defendant's presence, except as provided in article 42.14.[1]  *Id.* art. 42.03 (Vernon Supp. 2007).  In addition, Texas courts have held that when there is a variation between the oral pronouncement and the written memorialization of the sentence, the oral pronouncement controls.  *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

### III. ANALYSIS

By his sole issue, Saenz asserts that because the trial court did not pronounce that it had adjudicated him in open court, this case should be remanded for a new sentencing hearing.

The record reflects that the court did, in fact, orally pronounce Saenz's sentence in open court at his community supervision revocation hearing at which he was present. Specifically, the court stated, "[y]our community service is hereby revoked, you're sentenced to ten years imprisonment along with payment of the unpaid balance of any fine to be imposed in this case, costs and restitution."  Furthermore, in comparing the written judgment of the court with the Court's oral pronouncement, there is no conflict. In both instances, the court revoked Saenz's community supervision, sentenced him to ten years' imprisonment, and imposed a fine and restitution.

Saenz relies on the holdings in *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) and *Ibarra v. State*, 177 S.W.3d 282, 284 (Tex. App.–Houston [1st Dist.] 2005, no pet.), to support his contention that because the oral pronouncement of his sentence allegedly differed from the written judgment, he is entitled to a new sentencing hearing.

---

[1] Article 42.14 of the code of criminal procedure allows the sentence to be pronounced if the defendant is not present in a misdemeanor case.  TEX. CODE CRIM. PROC. ANN. art. 42.14 (Vernon 2006). However, article 42.14 is inapplicable in this case—a felony case.

3

However, these cases are not on point because Saenz failed to establish that any variation between the oral pronouncement of his sentence and the written judgment actually existed. The *Taylor* court specifically noted that when a variation exists between the oral pronouncement of the sentence and the written judgment, the oral pronouncement controls. *See Taylor*, 131 S.W.3d at 500. Therefore, had a variation actually existed, Saenz would not be entitled to a new sentencing hearing given that the trial court's oral pronouncement would control. *See id; see also Henkel v. State*, No. 13-03-112-CR, 2005 Tex. App. LEXIS 2883, at *15 (Tex. App.–Corpus Christi Apr. 14, 2005, pet. ref'd) (noting that, in the event of a variation between the written judgment and the oral pronouncement of the sentence, we are authorized to: "(1) modify the trial court's judgment and affirm it as modified; or (2) remand for the trial court to make fact determinations as to whether the written memorialization reflects what actually occurred.") (internal citations omitted).

*Ibarra*, on the other hand, involved a situation where the trial court failed to orally pronounce a fine in open court, yet imposed a fine in the written judgment. *Ibarra*, 177 S.W.3d 282 at 283. Based on this mistake, the appellate court concluded that the trial court had erred in not assessing the fine in the oral pronouncement of the appellant's sentence as required by statute. *Id.* at 284. As a result, the appellate court vacated the trial court's judgment and remanded the case for a new punishment hearing. *Id* at 284. Here, unlike *Ibarra*, no variation existed between the oral pronouncement of Saenz's sentence and the written judgment.[2]

---

[2] We also note that Saenz's sentence is within the statutorily prescribed range; therefore, unlike *Ibarra*, the trial court here did not impose a void sentence. *See Ibarra v. State*, 177 S.W.3d 282, 284 (Tex. App.–Houston[1st Dist.] 2005, no pet.); *see also* TEX. PENAL CODE ANN. § 12.33(a) (Vernon 2003) (providing that "[a]n individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years").

Additionally, Saenz argues that the trial court was required to state at the sentencing hearing that it had "adjudicated" his guilt and was imposing his sentence. We are not aware of, nor does Saenz cite to, any authority requiring the trial court to specifically state the term "adjudicate" in either phase of a criminal trial. Based on the foregoing, we conclude that Saenz is not entitled to a new punishment hearing. Accordingly, we overrule his sole issue on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 12th day of June, 2008.

5