Opinion issued February 5, 2009













In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00474-CR

 





LEAH D. MONROE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 1067883






MEMORANDUM OPINION ON MOTION FOR REHEARING (1)




 Appellant, Leah D. Monroe , pleaded guilty to possession with intent to deliver
cocaine weighing more than 400 grams in violation of sections 481.112(a), (f) and
481.102(3)(D) of the Texas Health and Safety Code. (2) The trial court assessed
punishment at 15 years in prison. In a sole point of error, appellant argued to this
Court that the trial court "erred in assuming the existence of an unproved extraneous
factor in determining the sentence." On November 20, 2008, we issued an opinion
overruling appellant's sole point of error and affirming the trial court's judgment. 
The State has filed a motion to modify our opinion, pointing out that the failure of the
trial court to assess a fine in its judgment of punishment renders the judgment void. 
We grant the State's motion for rehearing, withdraw our November 20, 2008 opinion,
and issue this opinion in its stead. 

 We reverse the judgment as to punishment and remand for a new punishment
hearing.Sentencing Error Under Texas Health and Safety Code

 A conviction under Texas Health and Safety Code section 481.112(f) requires
imprisonment and a fine not to exceed $250,000. Tex. Health & Safety Code
Ann. § 481.112(f) (Vernon 2005). The State points out that the sentence did not
include a fine as mandated by the statute, and it requests that, in the interest of justice,
we modify our opinion. The State also notes that appellant has made no mention of
this omission in her brief.

 "A sentence outside the statutory limits is void," and this Court lacks authority
to reform the sentence by adding punishment. Ibarra v. State, 177 S.W.3d 282, 284
(Tex. App.--Houston [1st Dist.] 2005, no pet.) (citing Ex parte Sims, 868 S.W.2d
803, 804 (Tex. Crim. App. 1993)); Reed v. State, 795 S.W.2d 19, 20 (Tex.
App.--Houston [1st Dist.] 1990, no pet.). An appellant does not have to raise this
sentencing error as a point of error for a judgment assessing punishment to be void. 
Reed, 795 S.W.2d at 20. In Reed, the State brought up the omission of a fine, and the
appellant failed to respond, as is the case here. Id. If the sentence is void, appellant
must receive a new punishment hearing. See Ibarra, 177 S.W.3d at 284; Tex. Code
Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2008). Therefore, we must remand
to the trial court for a new punishment hearing. See Ibarra, 177 S.W.3d at 284. 








Conclusion

 We grant the State's motion for rehearing, reverse the portion of the judgment
assessing punishment, and remand for a new punishment hearing. 

 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).





 
1. The State has filed a motion to modify our opinion in Monroe v. State, No. 01-07-00474-CR, 2008 WL 4965308 (Tex. App.--Houston [1st Dist.] Nov. 20, 2008, no
pet. h.)(mem. op). We construe the State's motion to be a motion for rehearing. See
Tex. R. App. P. 49. 
2. See Tex. Health & Safety Code Ann. §§ 481.112(a), (f), 481.102(3)(D) (Vernon
2003).