**Reversed and Remanded and Opinion Filed June 24, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00888-CR

---

### MIGUEL GONZALEZ JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-0421149-M

---

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Miguel Gonzalez Jr. appeals his conviction for possession with intent to deliver 400 grams or more of cocaine. In a single issue, appellant contends his plea of true to allegations contained in the State's amended motion to adjudicate guilt was involuntary because he believed the trial court would discharge him from community supervision. In a crosspoint, the State asserts we must reverse for a new punishment hearing because the trial court did not assess a fine as required by statute. We overrule appellant's issue but sustain the State's crosspoint. Accordingly, we reverse the trial court's judgment as it relates to punishment and remand this case for a new punishment hearing.

In April 2005, appellant pleaded nolo contendere to possession with intent to deliver 400 grams or more of cocaine. In accordance with a plea bargain agreement, the trial court deferred

a finding of guilt, placed appellant community supervision for ten years, and imposed a $3,000 fine. Over the years, the State filed three motions to adjudicate guilt. Although the motions were subsequently withdrawn, the trial court did modify appellant's conditions in August 2012. Then, four months later, the State again filed a motion to adjudicate guilt and then amended its motion when appellant was arrested for new offenses. The amended motion forms the basis of this proceeding and includes eleven allegations that appellant (a) committed felony evading arrest, failure to identify, possession of a prohibited weapon, and possession of marijuana, (d) failed to report November and December 2012 and January 2013, (f) failed to work faithfully at suitable employment, (j) failed to pay community supervision fees and was delinquent $2,416, (k) failed to make a Crime Stoppers payment and complete community services hours as directed, (n) failed to pay the urinalysis fee, and (s) failed to obtain a sex offender evaluation as ordered.

At a March 4, 2014 hearing, appellant pleaded not guilty to the felony evading arrest charge and not true to all eleven allegations contained in the State's motion to adjudicate guilt. In addition to other warnings, the trial judge admonished appellant he would hear evidence on the allegations contained in the motion and if he found them to be true, appellant faced fifteen years to ninety-nine years or life in prison. Appellant said he understood. During the course of the hearing, the State offered ten years in prison on the revocation and two years on the evading arrest offense. Appellant rejected the offer.

Six days later, the trial court reconvened the revocation hearing at which time appellant pleaded true to seven of the allegations in the amended motion, pleaded not true to one allegation and the State withdrew the remaining allegations. During the hearing, appellant was again admonished on the consequences of his plea of true and he affirmed that he understood. Appellant's signed written plea of true, judicial confession, and stipulation of evidence was

admitted into evidence. After hearing argument of counsel, the trial court found appellant freely and voluntarily pleaded true to certain allegations in the motion, found those allegations true, found appellant guilty of possession with intent to deliver 400 grams or more of cocaine, and sentenced him to fifteen years in prison.

On appeal, appellant contends his plea of true was not made knowingly and voluntarily because he believed the trial court would discharge him from deferred adjudication community supervision. Appellant asserts that "plainly" this whole case was centered on this belief and contends this is clearly evident when viewing the totality of the record.

A defendant's plea of true to the violations of the conditions of his community supervision must be voluntary. *LeBlanc v. State,* 768 S.W.2d 881, 882 (Tex. App.—Beaumont 1989, no pet.). The voluntariness of a plea is determined from the totality of the circumstances viewed in light of the entire record. *Ducker v. State,* 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.). A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated. *Tovar-Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.) (per curiam).

Here, appellant repeatedly acknowledged and confirmed his understanding of the revocation proceedings and the range of punishment he was facing. While appellant may have hoped he would be discharged from probation, he clearly understood that the alternative might occur and that he could be revoked and sent to prison. The fact that he was given a prison term, as opposed to being discharged, did not render his plea involuntary or unknowing. *See Tovar-Torres*, 860 S.W.2d at 178. We overrule appellant's sole issue.

In a crosspoint, the State argues this case must be remanded for a new punishment hearing because the trial court failed to impose a mandatory fine as required by section 481.112(f) of the Texas Health and Safety Code.

In offenses of possession with intent to deliver 400 grams or more of a controlled substance in Penalty Group 1, section 481.112(f) requires the assessment of both a term of confinement and a fine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (West 2010); *Ibarra v. State*, 177 S.W.3d 282, 284 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Because the trial court failed to impose a mandatory fine, the punishment is not authorized by law and the sentence is void. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). We sustain the State's crosspoint. We have no authority to reform a void sentence by altering the punishment. The proper remedy is to remand to the trial court for a new punishment hearing. *See Ibarra*, 177 S.W.3d at 284; TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2014).

Accordingly, we reverse the trial court's judgment as it relates to punishment and remand this case for a new punishment hearing in accordance with article 44.29(b) of the Texas Code of Criminal Procedure.

Do Not Publish
TEX. R. APP. P. 47.2(b)
140888F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIGUEL GONZALEZ JR., Appellant

No. 05-14-00888-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-0421149-M.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Whitehill
participating.

      Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings pursuant to TEX. CODE CRIM. PROC. ANN. Art. 44.29(b).

Judgment entered June 24, 2015.