# NO. 12-20-00224-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***KEONNIS RACHAEL VELMESH JOHNSON,*** *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| ***V.*** | § | *JUDICIAL DISTRICT COURT* |
| ***THE STATE OF TEXAS,*** *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Keonnis Rachael Velmesh Johnson appeals her conviction for driving while intoxicated with a child passenger. In one issue, she challenges the trial court's imposition of certain court costs. We modify, and reverse and remand.

### BACKGROUND

Appellant was indicted for driving while intoxicated with a child passenger, a state jail felony, alleged to have been committed on March 5, 2020 in Smith County, Texas.[1] Appellant elected to waive her right to a jury trial, enter a plea of "guilty," and have the court assess punishment. The trial court ordered a presentence investigation and set the matter for a hearing. At the hearing, Appellant, after being duly admonished, persisted with her plea of "guilty." The trial court accepted Appellant's plea, and after receiving evidence and hearing argument of counsel, found her "guilty" of driving while intoxicated with a child passenger and sentenced her to twenty months of imprisonment with no fine. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 49.045(b) (West 2011).

## COURT COSTS

In one issue, Appellant argues that the $100 Emergency Medical Services (EMS) trauma fee assessed as part of her court costs is unconstitutional and should be deleted from the judgment. Appellant argues that the statutory provision that provides for the EMS trauma fee is unconstitutional because the funds collected are not allocated for legitimate criminal justice purposes, thus violating the separation of powers clause of the Texas Constitution. *See* TEX. CONST. art. II, § 1.

Effective January 1, 2020, the Legislature amended Article 102.0185 of the Texas Code of Criminal Procedure, entitled "Fine for Intoxication Convictions: Emergency Medical Services, Trauma Facilities, and Trauma Care Systems." The statute provides that upon conviction of an offense under Chapter 49 of the penal code, except for Sections 49.02 and 49.031, the defendant "shall" pay a $100 fine. TEX. CODE CRIM. PROC. ANN. art 102.0185 (West Supp. 2021). Prior to the amendment, Article 102.0185 was entitled "Additional Costs Attendant to Intoxication Convictions: Emergency Medical Services, Trauma Facilities, and Trauma Care Systems." *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 2.38, 2019 Tex. Gen. Laws 3981, 4005-06. The Legislature substituted "fine" for "costs" throughout the statute. The amendment applies only to an offense committed on or after the effective date, which is January 1, 2020, and the former law applies to offenses committed before January 1, 2020. *Id.* at 4035.

The State acknowledges that, because the amendment to Article 102.0185 took effect prior to Appellant's date of offense, there is no statutory basis for the $100 EMS/Trauma fee in the bill of costs and joins Appellant in asking us to modify the judgment to delete the fee. However, the State brings a cross point to Appellant's issue. In that cross point, it argues that the fine provided for in Article 102.0185 is mandatory and applicable to Appellant's conviction, because she committed the offense after January 1, 2020. The State argues that because the fine is mandatory, and the trial court failed to assess said fine, the judgment is void.

When a trial court assesses punishment, it must always be within the minimum and maximum fixed by law. *Hebert v. State*, 09-17-00430-CR, 2019 WL 4666354, at *4 (Tex. App.—Beaumont Sept. 25, 2019, no pet.); *State v. Cooley*, 401 S.W.3d 748, 750 (Tex. App.— Houston [14th Dist.] 2013, no pet.). If the punishment assessed is less than the minimum provided by law, the judgment of conviction is a nullity. *Herbert*, 2019 WL 4666354, at *4; *Cooley*, 401 S.W.3d at 750. Simply put, a sentence that is outside the maximum or minimum

range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). This includes sentences outside the punishment range with respect to the fine only. *Ibarra v. State*, 177 S.W.3d 282, 284 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (trial judge erred in not assessing a fine as required for conviction under applicable statute requiring new punishment hearing).

The plain language of Article 102.0185 mandates a fine of $100 upon conviction of an offense under Chapter 49 of the penal code. TEX. CODE CRIM. PROC. ANN. art. 102.0185 ("In addition to the reimbursement fee imposed by Article 102.018, a person convicted of an offense under Chapter 49, Penal Code, except for sections 49.02 and 49.031..., shall pay a fine of $100 on conviction of the offense."). Because Appellant's sentence did not include the mandatory $100 fine provided for in Article 102.0185, it was below the statutory minimum and is void. *Ibarra*, 177 S.W.3d at 284.

The erroneous failure to impose the fine obviously benefitted Appellant. Generally, we will reverse only when harmful error occurred. TEX. R. APP. P. 44.2. However, a void sentence cannot be waived. *Ibarra*, 177 S.W.3d at 284. We have no authority to reform the sentence by adding a punishment of any amount, even in the interest of judicial economy and fairness or even if the addition is de minimis. *Id.* The only remedy is a new punishment hearing. *Id.*; TEX. CODE CRIM. PROC. ANN. art. 44.29 (West 2018). We sustain Appellant's sole issue, and we also sustain the State's cross point.

### DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment and attached order to withdraw funds to delete the $100 EMS/Trauma Fund fee. Having sustained the State's cross point, we *reverse* the part of the judgment assessing punishment and *remand* for a new punishment hearing.

GREG NEELEY
Justice

Opinion delivered January 12, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 12, 2022**

**NO. 12-20-00224-CR**

**KEONNIS RACHAEL VELMESH JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0820-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in the judgment of the court below insofar as Appellant's sentence did not include the mandatory $100 fine provided for in Article 102.0185; therefore, it is ORDERED, ADJUDGED and DECREED by this Court that the trial court's judgment and attached order to withdraw funds be **modified** to delete the $100 EMS/Trauma Fund fee and the part of the judgment assessing punishment be **reversed** and the cause **remanded** to the trial court **for a new trial on punishment** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*