

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-22-00619-CR

Bryan William **COLUMBUS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 639308
Honorable Timothy Johnson, Judge Presiding

Opinion by: Lori Massey Brissette, Justice
Concurring Opinion by: Rebeca C. Martinez, Chief Justice
Concurring Opinion by: Lori I. Valenzuela, Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting en banc: Rebeca C. Martinez, Chief Justice
　　　　　　　　Irene Rios, Justice
　　　　　　　　Lori I. Valenzuela, Justice
　　　　　　　　Lori Massey Brissette, Justice
　　　　　　　　Adrian A. Spears II, Justice
　　　　　　　　H. Todd McCray, Justice
　　　　　　　　Velia J. Meza, Justice

Delivered and Filed: June 30, 2025

An affirmative finding of family violence should be orally pronounced when that finding leads directly to the imposition of a nondiscretionary, mandatory fine. When a court makes an affirmative finding of family violence and grants probation, it triggers a mandatory family violence

fine of $100—not as a condition of probation, restitution, court costs, or other civil penalties, but as a critical part of the sentence—as punishment for that finding.[1] This fine distinguishes an affirmative finding of family violence from other findings the Court of Criminal Appeals has held are not part of the sentence.[2]

In this case, the jury found Bryan William Columbus guilty of the offense of assault causing bodily injury. The evidence established that Columbus had a prior or current dating relationship with the complainant. The trial court sentenced Columbus to one year confinement in the Bexar County Jail but suspended the imposition of the jail sentence and placed him on probation for one year. Sometime after the sentencing hearing had concluded, the court entered an affirmative finding of family violence in the judgment of the cause. The court did not orally pronounce the finding or assess the mandatory fine. And the fine could not be added as a condition of probation since, as noted above, it is not a condition of probation: it is a part of the sentence. [3, 4]

Considering this distinction and the record before us, I would affirm the judgment of conviction. However, because the mandatory fine was not imposed, I would vacate the sentence and remand for a new punishment trial.

1. <u>The Legislature Created This Fine to Partially Fund Family Violence Centers</u>

Prior to the current statutory scheme, "a court [could] only order a probationer to pay fines, court costs, restitution to the victim, or other payments expressly authorized by statute."[5] The

---

[1] A "sentence" is defined in the Texas Code of Criminal Procedure as "that part of the judgment that orders that the punishment be carried into execution in the manner prescribed by law." *See Burg v. State*, 592 S.W.3d 444, 451 (Tex. Crim. App. 2020) (cleaned up).

[2] *See Burg*, 592 S.W.3d at 451 (recognizing, for example, that an enhancement is part of the sentence, while a deadly-weapon finding is not)

[3] TEX. CODE CRIM. PRO. art. 42A.651(a)–(b) (restricting probation-related payments to fines, costs, and restitution, and clarifying that defendants are obligated to pay fines even after their probation expires).

[4] *Anastassov v. State*, 664 S.W.3d 815, 820 (Tex. Crim. App. 2022) (holding that "[a] fine is punitive in nature and is part of a defendant's sentence.").

[5] House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. S.B. 461, 76th Leg., R.S. (1999).

Legislature, in enacting Article 42.12, § 11(g) of the Texas Code of Criminal Procedure,[6] created a method of funding family violence centers using fees collected from individuals convicted of certain offenses involving family violence. The legislative history suggest the Legislature considered this a solution to simultaneously deter individuals from committing acts of family violence and to help fund family violence centers that "afford victims a safe place to go and often also provide counseling services."[7]

To this day, the issue of funding family violence centers persists in Texas. In 2024, the Texas Council on Family Violence reported that 66,000 Texans, including 23,047 children, sought family violence services.[8] Notably, of those who were turned away, 60% had no safe alternative— many ended up living outside, in vehicles, or returning to violent homes.[9] The dangers that families and individuals face when family violence centers turn them away "highlights the urgent need for increased shelter capacity and housing solutions for survivors."[10] Simply put, family violence centers throughout Texas need more funding and they need it now.[11]

---

[6] Currently codified as Article 42A.504 of the Texas Code of Criminal Procedure.

[7] S. Rsch. Ctr., Bill Analysis, Tex. S.B. 461, 76th Leg., R.S. (as filed, Feb. 20, 1999).

[8] TEX. COUNCIL ON FAM. VIOLENCE, *2024 Annual Report*, 4 (2024), https://tcfv.org/wp-content/uploads/TCFV-2024-Annual-Report.pdf.

[9] *Id.*

[10] *Id.*

[11] The Legislature should strongly consider amending the statutory scheme to meaningfully carry out its intended purpose. The statute allows a trial court to make its affirmative finding of family violence for the first time in the written judgment. TEX. CODE CRIM. PRO. art. 42.013. Since the family violence fine is mandatory when probation is granted, the trial court must decide on the affirmative finding *at or before* sentencing—but as is the case here, courts often make the finding too late to properly impose the fine. Requiring trial courts to orally pronounce an affirmative finding of family violence at sentencing would fill this statutory pothole and promote equal application of law.

Second, like the family violence fine, the Legislature created mandatory DWI fines to partially fund designated facilities that provide treatment to victims of collisions resulting from traffic offenses. TEX. TRANS. CODE § 709.002(e)(2). In contrast to the family violence fine, however, any person "finally convicted of an offense relating to the operation of a motor vehicle while intoxicated shall pay a fine"—regardless of whether probation was granted or incarceration imposed. *Id.* § 709.001(b). With domestic violence in Texas rising, imposing a mandatory family violence fine on all defendants convicted of certain offenses with a finding of family violence would more equitably deter domestic abuse and increase the consistency of this funding. *See* Jess Huff, *Domestic violence is up in Texas. Survivors and supporters hope lawmakers will take action*, TEXAS TRIBUNE (Feb. 13, 2025), https://www.texastribune.org/2025/02/13/texas-domestic-violence-legislation/ (reporting that, as of February 2025, "domestic violence incidents have risen 26% since 2019").

When originally enacted, the statute required that "[i]f a judge grants community supervision to a person convicted of an offense under Title 5, Penal Code, that the court determines involves family violence, the judge may require the person to make one payment in an amount not to exceed $100 to a family violence shelter center."[12] When the statute was recodified in 2017, the Legislature replaced the words "may require" with "shall," removing the court's discretion to assess the payment.[13] Finally, in 2019, the Legislature reclassified the $100 payment to a family violence center as a "fine."[14]

By specifically including the word "fine" within Article 42A.504—rather than fee or cost—the Legislature intended that the punitive $100 "be part of the convicted defendant's sentence."[15] Despite being codified within Chapter 42A, "Community Supervision," and entitled "Community Supervision for Certain Offenses Involving Family Violence; Special Conditions," Article 42A.504's headings bear no weight nor restrict the punitive nature of its $100 fine.[16] Accordingly, by reclassifying the $100 payment as a "fine," the Legislature intended for it to be a part of a defendant's sentence, rather than a condition of probation.[17]

---

[12] Act of April 21, 1999, 76th Leg., R.S., ch. 27, § 1, sec. 42.12, 1999 Tex. Gen. Laws 42, 42 (repealed 2017).

[13] Act of May 29, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2350, 2350 (amended 2020) (current version at TEX. CODE CRIM. PRO. art. 42A.504); *Brinkley v. State*, 320 S.W.2d 855, 857 (Tex. Crim. App. 1958) (holding that the word "shall" deprives the trial court of discretion).

[14] *See* Act of May 25, 2019, 86th Leg., R.S., ch. 1352, § 2.14, 2019 Tex. Gen. Laws 3981, 3996–97.

[15] *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *see also Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009) (citing *People v. Jones*, 861 N.E.2d 967, 981 (Ill. 2006) (holding that a statutory "$100 Trauma Fund charge" is a punitive fine since it is referred to as a "fine")).

[16] TEX. GOV'T CODE § 311.024.

[17] *Rodriguez v. State*, No. 01-23-00721-CR, 2025 WL 1373693, at *16 (Tex. App.—Houston [1st Dist.] May 13, 2025, no pet. h.) (mem. op., not designated for publication) (holding that when the Legislature reclassified a court cost to a fine, it is part of the sentence and needs to be orally pronounced).

2.      Because the Trial Court Failed to Impose the Fine, Columbus's Sentence is Void

Because the statute mandates the fine in this case, the trial court erred in not assessing it.[18] An oral pronouncement of a defendant's sentence in open court is considered the official sentence in Texas. Oral pronouncements ensure due process, provide clarity for appellate review, and control over inconsistencies that may later appear in a written judgment. So, when a trial court imposes a fine tied to an affirmative finding—like this $100 fine in favor of a family violence center—such finding should ideally be made on the record.

In this case, because the mandatory $100 fine was not made part of Columbus's sentence, orally or otherwise, his "sentence [is] outside the statutory limits [and] is void."[19] We "have no authority to reform the sentence by adding a punishment of any amount, even in the interest of judicial economy and fairness or even if the addition is de minimis."[20] Consequently, the only appropriate remedy is a new punishment trial where the sentence, including any affirmative findings and mandatory fines, can be lawfully imposed.[21]

For these reasons, I respectfully dissent.

Velia J. Meza, Justice

---

[18] *See Ibarra v. State*, 177 S.W.3d 282, 284 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citation omitted); *see also Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (holding that "[a] sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.").

[19] *Ibarra*, 177 S.W.3d at 284 (citation omitted).

[20] *Id.*; *Gonzalez v. State*, No. 05-14-00888-CR, 2015 WL 3899590, at *2 (Tex. App.—Dallas June 24, 2015, no pet.) (mem. op., not designated for publication).

[21] *Ibarra*, 177 S.W.3d at 284; *see also Craven v. State*, 350 S.W.2d 34, 35 (Tex. Crim. App. 1961) (holding that "because the punishment is less than that required by statute" a new punishment trial was required); *see also Gilliland v. State*, 342 S.W.2d 327, 328 (Tex. Crim. App. 1961) (reversing judgment and remanding for a new punishment trial since "[t]he punishment assessed" was "less than the minimum provided by law.").